# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL CASE NO. H-10cr886 |
| | § | |
| v. | § | |
| | § | |
| GERALD R. EVERSOLE, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the Public Integrity Section, Criminal Division, United States Department of Justice, and GERALD R. EVERSOLE (hereinafter referred to as the "defendant") enter into the following agreement:

### Charges and Statutory Penalties

1.    The defendant agrees to plead guilty to Count One, False Statement, in violation of Title 18, United States Code, Section 1001(a)(2) of the Information. The United States agrees to seek dismissal of Counts One, Three, Four, and Five of the Indictment, as to this defendant, after sentencing.

2.    The defendant understands that Count One has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

-1-

a.  First, that the defendant made a false statement to Special

Agents of the Federal Bureau of Investigation ("FBI") regarding

a matter within its jurisdiction;

b.  Second, that the defendant made the statement intentionally,

knowing that it was false;

c.  Third, that the statement was material; and

d.  Fourth, that the defendant made the false statement for the

purpose of misleading the FBI.

3.    The defendant understands that, pursuant to 18 U.S.C. § 1001, Count

One carries a maximum sentence of five (5) years of imprisonment, a fine of

$250,000.00 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. §

3571(d), a $100 special assessment, and a three (3) year term of supervised release,

an order of restitution, and an obligation to pay any applicable interest or penalties

on fines or restitution not timely made.

4.    If the Court accepts the defendant's plea of guilty and the defendant

fulfills each of the terms and conditions of this agreement, the United States agrees

that it will not further prosecute the defendant for any crimes described in the

attached factual basis or for any conduct of the defendant now known to the Public

Integrity Section and to the law enforcement agents working with the Public

Integrity Section on the present investigation. Nothing in this agreement is intended to provide any limitation of liability arising out of any acts of violence.

### Factual Stipulations

5.      The defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty.  The defendant knowingly, voluntarily and truthfully admits the facts set forth in the Factual Basis for Plea.

### Wiring of Plea Agreement

6.      The defendant understands and acknowledges that this Agreement and any plea of guilty which the defendant may enter pursuant to this Plea Agreement are contingent upon the entry of guilty pleas by co-defendant Michael D. Surface in this case and in United States v. Schatte & Surface, Case No. H-08cr29.  If this co-defendant fails to enter a guilty plea in either case, this Agreement and any proceedings pursuant to this Agreement shall be withdrawn or voided.

### Resignation

7.      As part of this Agreement, the defendant agrees to resign his position as the Harris County Commissioner for Precinct Four.  The defendant agrees that he will not seek either elected or appointed public office at the federal, state, or local level for a period of ten (10) years.

**Sentencing**

8.    The defendant is aware that the sentence will be imposed by the court

after considering the Federal Sentencing Guidelines and Policy Statements

(hereinafter "Sentencing Guidelines").  The defendant acknowledges and

understands that the court will compute an advisory sentence under the Sentencing

Guidelines and that the applicable guidelines will be determined by the court

relying in part on the results of a Pre-Sentence Investigation by the court's

probation office, which investigation will commence after the guilty plea has been

entered.  The defendant is also aware that, under certain circumstances, the court

may depart from the advisory sentencing guideline range that it has computed, and

may raise that advisory sentence up to and including the statutory maximum

sentence or lower that advisory sentence.  The defendant is further aware and

understands that the court is required to consider the advisory guideline range

determined under the Sentencing Guidelines, but is not bound to impose that

sentence; the court is permitted to tailor the ultimate sentence in light of other

statutory concerns, and such sentence may be either more severe or less severe than

the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant

understands and acknowledges that the court has the authority to impose any

sentence within and up to the statutory maximum authorized by law for the offense

-4-

identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

9.    The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

10.    The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the court, except as expressly provided in this plea agreement.

### **Sentencing Guidelines Stipulations**

11.    The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2011 (hereinafter "Sentencing

Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

      a.    <u>Offense Level under the Guidelines</u>

The parties agree that the Sentencing Guideline applicable to the offense to which the defendant is pleading guilty is U.S.S.G. § 2B1.1. The parties further stipulate and agree to recommend the following guideline calculations:

2B1.1(a)(2) Base Offense Level ................................ 6

3C1.1 Obstruction of Justice ......................................2

Total Offense Level .....................................................8

      b.    <u>Acceptance of Responsibility</u>

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

          i.    fails to admit a complete factual basis for the plea at the

time the defendant is sentenced or at any other time;

ii.     challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

iii.    denies involvement in the offense;

iv.    gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

v.     fails to give complete and accurate information about the defendant's financial status to the Probation Office;

vi.    obstructs or attempts to obstruct justice, prior to sentencing;

vii.   has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

viii.  fails to appear in court as required;

ix.    after signing this Plea Agreement, engages in additional criminal conduct; or

-7-

x.      attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen or greater, the United States agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

c.      Criminal History Category

Based upon the information now available to the United States (including representations by the defense), the defendant has no prior criminal convictions. Therefore, the defendant's Criminal History Category is one (I).  The parties acknowledge, however, that this Criminal History Category calculation is not binding upon the U.S. Probation Office or the Court.

d.      Sentencing Recommendation

The United States and the defendant each agree to recommend sentencing within the stipulated Guidelines range under the United States Sentencing Guidelines.  However, the defendant understands the Guidelines are "effectively advisory" to the Court.  United States v. Booker, 543 U.S. 220, 245 (2005).

-8-

Accordingly, the defendant understands that, although the Court must consult the Guidelines and must take them into account when sentencing defendant, the Court is not bound to follow the Guidelines nor sentence defendant within the Guidelines range.

### Court Not Bound by the Plea Agreement

12.     It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues.  In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Appeal Waiver

13.     The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal.  The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a

collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

Knowing that, and in consideration of the concessions made by the United States in

this Agreement, the defendant knowingly and voluntarily waives his right to appeal

or collaterally challenge:

      a.    the defendant's guilty plea and any other aspect of the

               defendant's conviction, including, but not limited to, any rulings

               on pretrial suppression motions or any other pretrial

               dispositions of motions and issues; and

      b.    the defendant's sentence or the manner in which his sentence

               was determined pursuant to 18 U.S.C. §3742, except to the

               extent that the Court sentences the defendant to a period of

               imprisonment longer than the statutory maximum.

14.    The defendant further understands that nothing in this agreement shall

affect Public Integrity's right and/or duty to appeal as set forth in Title 18, United

States Code, Section 3742(b).  However, if the United States appeals the

defendant's sentence pursuant to Section 3742(b), the defendant shall be released

from the above waiver of appellate rights.  By signing this agreement, the

defendant acknowledges that the defendant has discussed the appeal waiver set

forth in this agreement with the defendant's attorney.  The defendant further agrees,

together with the United States, to request that the district court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

15.    The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in the Court of Appeals for the Fifth Circuit or Supreme Court cases decided after the date of this Agreement that are held by the Fifth Circuit or Supreme Court to have retroactive effect.

### Release/Detention

16.    The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty.  Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, the United States may move to change the defendant's conditions of release or move to revoke the defendant's release.

### Breach of Agreement

17.    The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each

and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement.  In the event of such a breach:

a.      the United States will be free from its obligations under the Agreement;

b.      the defendant will not have the right to withdraw the guilty plea;

c.      the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and

d.      the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including the defendant's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

-12-

18.     The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules.

19.     The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

20.     Nothing in this Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Agreement or committed by the defendant after the execution of this Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, the defendant will not be

allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

21.    It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

22.    No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Public Integrity Section.

-14-

23.    The defendant further understands that this Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice. This Agreement does not bind the Civil Division or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

FOR THE UNITED STATES

JACK SMITH
Chief
Public Integrity Section

By:    _____
John P. Pearson
Peter Mason
Trial Attorneys
Public Integrity Section
1400 New York Ave. NW
Washington, DC  20005
(202) 514-1412

-15-

## DEFENDANT'S ACCEPTANCE

I have read this agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalty for this offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty, and I believe this Agreement is in my best interest.

Date: 9-15-11

Gerald R. Eversole
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my

-16-

client, fully.  These pages accurately and completely sets forth the entire Plea

Agreement.  I concur in my client's desire to plead guilty as set forth in this

Agreement.

Date: _____9/15/11_____                     _____

                                            Rusty Hardin, Esquire
                                            Attorney for the Defendant